Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
MARY ELLEN ARROYO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| MARY ELLEN ARROYO,<br><br>    Plaintiff,<br><br>  v.<br><br>GORDON & WONG LAW GROUP, P.C., a California corporation; and AMY LOUISE GORDON, individually and in her official capacity,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*.<br><br>California Civil Code § 1788 *et seq*. |

Plaintiff, MARY ELLEN ARROYO (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I.  INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

/ / /

2. According to 15 U.S.C. § 1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

6. This lawsuit should be assigned to the Fresno Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Stanislaus County.

### V. PARTIES

7. Plaintiff, MARY ELLEN ARROYO (hereinafter "Plaintiff"), is a natural person residing in Stanislaus County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h) and a "senior citizen" within the meaning of Cal. Civil Code § 1761(f).

8. Defendant, GORDON & WONG LAW GROUP, P.C., (hereinafter "LAW GROUP"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 510 Myrtle Avenue, Suite 102, San Francisco, California 94080. LAW GROUP may be served as follows: Gordon & Wong Law Group, P.C., c/o Amy L. Gordon, Agent for Service of Process, 510 Myrtle Avenue, Suite 102, San Francisco, California 94080. The principal business of LAW GROUP is the collection of debts using the mails and telephone, and LAW GROUP regularly attempts to collect debts alleged to be due another. LAW GROUP is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

9. Defendant, AMY LOUISE GORDON, (hereinafter "GORDON"), is a natural

person and licensed attorney in the state of California. GORDON may be served at her current business address at: Amy L. Gordon, Gordon & Wong Law Group, P.C., 510 Myrtle Avenue, Suite 102, San Francisco, California 94080. GORDON is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

11. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Capital One, and bearing the account number XXXX-XXXX-XXXX-1199 (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

12. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was sold, assigned, or otherwise transferred to Atlantic Credit & Finance, Inc.

13. Sometime thereafter, on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

14. Thereafter, Defendants sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. A true and accurate copy of the collection letter from Defendants to Plaintiff is

1  attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

2      16.    The collection letter (Exhibit "1") is dated December 18, 2008.

3      17.    The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the debt.

    18.    The collection letter (Exhibit "1") was sent in an envelope on which a postage meter stamp dated December 20, 2008, was imprinted.

    19.    Plaintiff is informed and believes, and thereon alleges, that Defendants deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or about December 20, 2008.

    20.    The collection letter (Exhibit "1") states, in relevant part:

> If, within thirty days after receiving this letter, you do not dispute the validity of the debt or any part of it, this office will assume that the debt is valid. If you notify this office within thirty days of receiving this letter, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request within thirty days, this office will provide you the name and address of the original creditor, if different from the current creditor.

    21.    The collection letter (Exhibit "1") bears a signature of Defendant, GORDON.

    22.    The collection letter (Exhibit "1") represented or implied that Plaintiff's account had been reviewed by GORDON.

    23.    Plaintiff is informed and believes, and thereon alleges, that GORDON did not conduct a professional review of the Plaintiff's account before sending the collection letter (Exhibit "1") to the Plaintiff. *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

    24.    Plaintiff is informed and believes, and thereon alleges, that the collection letter (Exhibit "1") misrepresented the role and involvement of legal counsel.

25. Plaintiff is informed and believes, and thereon alleges, that the collection letter (Exhibit "1") misrepresented the true source or nature of the communication, thereby making false statements in an attempt to collect a debt.

26. As a senior citizen subjected to Defendants' abusive, deceptive and unfair collection practices, Plaintiff is entitled to treble damages pursuant to Cal. Civil Code § 3345.

27. Plaintiff is informed and believes, and thereon alleges that Defendants have sent standard form collection letters in the form of Exhibit "1" to more than 40 persons in California in the one-year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII.  CLAIMS

**FAIR DEBT COLLECTION PRACTICES ACT**
**Against All Defendants**

28. Plaintiff brings the first claim for relief against all Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

29. Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

30. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

31. Defendant, LAW GROUP, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

32. Defendant, GORDON, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

33. The financial obligation alleged to be originally owed to Capital One by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).


34. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants falsely represented or implied that attorney GORDON had reviewed the Plaintiff's account when GORDON had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

    b. Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

    c. Defendants misrepresented the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

    d. Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    e. Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    f. Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4); and

    g. Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

35. Defendants' acts as described above were done intentionally with the purpose of

coercing Plaintiff to pay the debt.

36. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**Against Defendant LAW GROUP**

37. Plaintiff brings the second claim for relief against Defendant, LAW GROUP, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

38. Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

39. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

40. Defendant, LAW GROUP, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

41. The financial obligation alleged to be originally owed to Capital One by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

42. Defendant, LAW GROUP, has violated the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant, LAW GROUP, falsely represented or implied that attorney GORDON had reviewed the Plaintiff's account when GORDON had not done so, in violation of Cal. Civil Code §§ 1788.16 and 1788.17;[1]

    b. Defendant, LAW GROUP, falsely represented the role and involvement of legal counsel, in violation of Cal. Civil Code §§ 1788.16 and 1788.17;[2]

---

[1] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[2] 15 U.S.C. §§ 1692e(3) and 1692e(10).

c.  Defendant, LAW GROUP, misrepresented the true source or nature of the communication, in violation of Cal. Civil Code §§ 1788.16 and 1788.17;[3]

d.  Defendant, LAW GROUP, misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of Cal. Civil Code § 1788.17;[4]

e.  Defendant, LAW GROUP, misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of Cal. Civil Code § 1788.17;[5]

f.  Defendant, LAW GROUP, failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendant *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of Cal. Civil Code § 1788.17;[6] and

g.  Defendant, LAW GROUP, failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendant would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of Cal. Civil Code § 1788.17.[7]

43. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

44. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

---

[3] 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).
[4] 15 U.S.C. §§ 1692e and 1692e(10).
[5] 15 U.S.C. §§ 1692e and 1692e(10).
[6] 15 U.S.C. § 1692g(a)(4).
[7] 15 U.S.C. § 1692g(a)(5).

45. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to Cal. Civil Code § 1788.17.[8]

46. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[9]

47. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

    a.    Assume jurisdiction in this proceeding;

    b.    Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10), 1692g(a)(4) and 1692g(a)(5);

    c.    Declare that Defendant, LAW GROUP, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.16 and 1788.17;

    d.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    e.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

    f.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to Cal. Civil Code § 1788.17;[10]

    g.    Award Plaintiff the costs of this action and reasonable attorneys fees

---

[8] 15 U.S.C.§ 1692k(a)(2)(A).
[9] 15 U.S.C.§ 1692k(a)(3).
[10] 15 U.S.C. § 1692k(a)(2)(A).

- 10 -
COMPLAINT

pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c);

    h.    Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

    i.    Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
      Fred W. Schwinn, Esq.
      Attorney for Plaintiff
      MARY ELLEN ARROYO

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARY ELLEN ARROYO, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

# G&W
## GORDON & WONG
L A W   G R O U P   P C

December 18, 2008

MARY E ARROYO
3217 HARLAN WAY
MODESTO, CA 95354

       Re: **Our Client**: Atlantic Credit & Finance Inc. Assignee from Capital One
           **Original Creditor: CAPITAL ONE INSTALLMENT ; Original Acct #: 5903592618091199**
           **Debtor(s):  MARY E ARROYO**
           **Amount Payable: $3,727.43 plus $236.27 Interest for a total of $3,963.70**
           **Our File Number: 08-10385**

DEAR MARY E ARROYO :

Our client has referred to me for appropriate action the matter of your failure to pay the amount of $3,963.70 due in connection with your unpaid credit card purchases.

Please contact us not later than by 5:00 p.m. thirty-five days from the above date to make arrangements for this debt. Otherwise, we will have no option but to recommend to our client to pursue its available remedies as a matter of law for the collection of this debt, which remedies include the filing of a lawsuit for the collection of the full amount, plus interest,attorneys' fees and costs of suit.

If, within thirty days after receiving this letter, you do not dispute the validity of the debt or any part of it, this office will assume that the debt is valid. If you notify this office within thirty days of receiving this letter, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request within thirty days, this office will provide you the name and address of the original creditor, if different from the current creditor.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse,about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities,you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

NOTICE: THIS COMMUNICATION, FROM A DEBT COLLECTOR, SEEKS TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Yours truly,

Amy L. Gordon, Esq.

**EXHIBIT 1**



PRESORTED
FIRST CLASS

**G&W**
GORDON & WONG
L A W   G R O U P   P C
510 Myrtle Ave, Suite 102
South San Francisco, CA 94080

RETURN SERVICE REQUESTED

MARY E ARROYO
3217 HARLAN WAY
MODESTO, CA 95354