TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendant
Gordon & Wong Law Group, P.C. and
Amy Louise Gordon

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MARY ELLEN ARROYO,<br><br>        Plaintiff,<br><br>    vs.<br><br>GORDON & WONG LAW GROUP, P.C., a California Corporation; and AMY LOUISE GORDON, individually and in her official capacity<br><br>        Defendants. | CASE NO.  1:09-CV-02150 AWI GSA<br><br>**ANSWER TO COMPLAINT** |

Defendants GORDON & WONG LAW GROUP, P.C. ("Gordon & Wong") and AMY LOUISE GORDON ("Gordon") hereby submits the following Answer to the Complaint filed in this action by plaintiff MARY ELLEN ARROYO ("Plaintiff"):

1.   In answering Paragraph 1 of the Complaint, Defendants aver that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2.   In answering Paragraph 2 of the Complaint, Defendants aver that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 are self explanatory.  Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3.   In answering Paragraph 3 of the Complaint, Defendants admit that Plaintiff alleges that jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337 and that supplemental jurisdiction for Plaintiff's state law claims exists pursuant to 28 U.S.C. § 1367.  Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4.   Denied.

5.   In answering Paragraph 5 of the Complaint, Defendants admit that Plaintiff alleged that venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and that Defendant transacts business in this judicial district.  Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6.   In answering Paragraph 6 of the Complaint, Defendants admit that Plaintiff alleges that this lawsuit should be assigned to the Fresno Division of this Court.  Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

1       7.      In answering Paragraph 7 of the Complaint, Defendants admit, on information and belief, that Plaintiff is a natural person residing in Stanislaus County, California.  Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) or as a "debtor" as defined by Cal. Civ. Code § 1788.2(h) and on that basis, denies the allegations.  Defendants lack sufficient knowledge to form a belief as to whether Plaintiff is a "senior citizen" within the meaning of Cal. Civ. Code § 1761(f) and on that basis, denies the allegation.  Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

        8.      In answering Paragraph 8 of the Complaint, Defendants admits that Gordon & Wong is a California corporation that has, at times, engaged in the business of collecting debts and that its principal place of business is located at 510 Myrtle Avenue, Suite 102, San Francisco, CA 94080.  Defendants admit that Gordon & Wong uses the mails and telephone to conduct its business and that it has, at times, attempted to collect debts due to another and that it has, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6).  Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

        9.      In answering Paragraph 9 of the Complaint, Defendants admit that Gordon is a natural person and an attorney licensed in California and that she has, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6).  Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

        10.     Admitted.

        11.     In answering Paragraph 11 of the Complaint, Defendant admits that Plaintiff incurred a financial obligation through use of a credit card issued by Capital One bearing the account number XXXX-XXXX-XXXX-1119.  Defendant lacks

1  sufficient knowledge to form a belief as to the remaining allegations of Paragraph 11
2  and on that basis, deny them.

      12.    Admitted.

      13.    Admitted.

      14.    In answering Paragraph 14 of the Complaint, Defendants admit that they sent a letter dated December 18, 2008 to Plaintiff, the contents of which are self-explanatory. Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether the letter qualifies as a "communication" as defined by 15 U.S.C. § 1692a(2). Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

      15.    In answering Paragraph 15 of the Complaint, Defendants admit that they sent a letter dated December 18, 2008 to Plaintiff, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

      16.    In answering Paragraph 16 of the Complaint, Defendants admit that they sent a letter dated December 18, 2008 to Plaintiff, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 16 are denied.

      17.    In answering Paragraph 17 of the Complaint, Defendants admit that they sent a letter dated December 18, 2008 to Plaintiff, the contents of which are self-explanatory. Defendants admit that the letter was their first written communication to Plaintiff. Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

      18.    In answering Paragraph 18 of the Complaint, Defendants admit that they sent a letter dated December 18, 2008 to Plaintiff, the contents of which are self-explanatory. Defendants admit, on information and belief, that the envelope

containing the letter bore a "postage meter stamp dated December 20, 2008." Except as herein admitted, the remaining allegations of Paragraph 18 are denied.

19. In answering Paragraph 19 of the Complaint, Defendants admit that they sent a letter to Plaintiff dated December 18, 2008, the contents of which are self-explanatory. Defendant admits that it deposited the envelope containing the December 18, 2008 letter in the United States Mail on or about December 20, 2008. Except as herein admitted, the remaining allegations of Paragraph 19 are denied.

20. In answering Paragraph 20 of the Complaint, Defendants admit that they sent a letter to Plaintiff dated December 18, 2008, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 20 are denied.

21. In answering Paragraph 21 of the Complaint, Defendants admit that they sent a letter to Plaintiff dated December 18, 2008, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

22. In answering Paragraph 22 of the Complaint, Defendants admit that they sent a letter to Plaintiff dated December 18, 2008, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 22 are denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 27 of the Complaint.

28. In answering Paragraph 28 of the Complaint, Defendants admit that Plaintiff brings her first claim for relief pursuant to the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692 *et seq*.  Except as herein admitted, the remaining allegations of Paragraph 28 are denied.

29. Defendants incorporate by reference paragraphs 1 through 28 above as if fully set forth herein.

30. In answering Paragraph 30 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether she qualifies as a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and on that basis, denies the allegation.  Except as herein admitted, the remaining allegations of Paragraph 30 are denied.

31. In answering Paragraph 31 of the Complaint, Defendants admit that Gordon & Wong has, at times, acted as a "debt collector as defined by 15 U.S.C. § 1692a(6).  Except as herein admitted, the remaining allegations of Paragraph 31 are denied.

32. In answering Paragraph 32 of the Complaint, Defendants admit that Gordon has, at times, acted as a "debt collector as defined by 15 U.S.C. § 1692a(6).  Except as herein admitted, the remaining allegations of Paragraph 32 are denied.

33. In answering Paragraph 33 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether it qualifies as a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and on that basis, denies the allegation.  Except as herein admitted, the remaining allegations of Paragraph 33 are denied.

34. Denied.

35. Denied.

36. Denied.

37. In answering Paragraph 37 of the Complaint, Defendants admit that Plaintiff brings her second claim for relief pursuant to the Rosenthal Fair Debt

Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. Except as herein admitted the remaining allegations of Paragraph 37 are denied.

38. Defendants incorporate by reference paragraphs 1 through 37 above as if fully set forth herein.

39. In answering Paragraph 39 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether she qualifies as a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h) and on that basis, denies the allegation. Except as herein admitted, the remaining allegations of Paragraph 39 are denied.

40. Denied.

41. In answering Paragraph 41 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether it qualifies as a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f) and on that basis, denies the allegation. Except as herein admitted, the remaining allegations of Paragraph 41 are denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. In answering Paragraph 47 of the Complaint, Defendant avers that the contents of Cal. Civ. Code § 1788.32 are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 47 are denied.

//

//

//

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

//
//
//

## FIFTH AFFIRMATIVE DEFENSE
## (No Wilful Conduct)

Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH  AFFIRMATIVE DEFENSE
## (Waiver)

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the financial obligation at issue.

## EIGHTH AFFIRMATIVE DEFENSE
## (Good Faith)

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
## (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants.  The liability, if any exists, of

Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendants should be reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**

**(Supervening Cause)**

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Equitable Indemnity)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Litigation Privilege)**

The actions of Defendants complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiff's claims are therefore barred, in whole or in part, by the California litigation privilege and/or the *Noerr-Pennington Doctrine*.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Not a Debt Collector)**

Defendant Gordon & Wong, a law firm, is not a "debt collector" under the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendants recover from Plaintiff costs according to proof.

3. That Defendants recover attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: March 8, 2010

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR

By: s/Tomio B. Narita
Tomio B. Narita
Attorneys for Defendant
Gordon & Wong Law Group, P.C. and
Amy Louise Gordon